UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00791 CAS (AGRx) | Date | September 26, 2008 |
|---|---|---|---|
| Title | Church of the Revelation et al. v. Superior Court of California, County of Los Angeles, South District, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not present                                        Not present

**Proceedings:** **(In Chambers): Plaintiff's Ex Parte Motion For a Temporary Restraining Order and For an Order to Show Cause Why a Temporary Injunction Should Not be Granted** (filed 9/22/2008)

**I.   INTRODUCTION AND BACKGROUND**

On September 24, 2008, plaintiffs filed the instant ex parte motion for a temporary restraining order and an order to show cause why a preliminary injunction should not be issued. Plaintiffs allege that defendant the Honorable Joseph E. DiLoreto has made erroneous rulings in <u>Khmer Buddhist Association v. Larry Sar., et al.</u>, case NC050853, Los Angeles County Superior Court ("the state court action"), and that as a result, Judge DiLoreto and defendant Superior Court of California, County of Los Angeles, South District ("Los Angeles County Superior Court") are violating plaintiffs' constitutional rights.

Specifically, plaintiffs allege that a February 15, 2008 order signed by Judge DiLoreto, which effectuated a stipulated settlement agreement between the parties in the state court action, violates the First Amendment. Mot. at 14; Opp'n at 2. After issuing the settlement order, Judge DiLoreto also appointed a receiver, David J. Pasternak, to "take sole management and control of all income, bank accounts, liabilities and expenses of [plaintiff] KBA pending the appointment of the KBA Commission pursuant to the Stipulation of the parties . . ." July 2, 2008 Order Appointing Receiver, case NC050853. On July 14, 2008, Judge DiLoreto ordered Siphass Tith, a plaintiff in the state court action, to return to the receiver all funds that were transferred from the KBA to plaintiffs herein John Ramirez ("Ramirez") and Church of Revelation, and ordered Ramirez and Church of Revelation to show cause why they should not be held in contempt for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00791 CAS (AGRx) | Date | September 26, 2008 |
|---|---|---|---|
| Title | Church of the Revelation et al. v. Superior Court of California, County of Los Angeles, South District, et al. | | |

violation of the court's July 2, 2008 order. July 14, 2008 Ex Parte Order to Show Cause Re Contempt, case NC050853. Plaintiffs allege that the ongoing actions of the Los Angeles County Superior Court and the receiver violate their rights under the First Amendment and the Fourteenth Amendment. Mot. at 10, 26.

Defendants Los Angeles County Superior Court and Judge DiLoreto filed an opposition on September 25, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   DISCUSSION

The Court finds that it lacks subject matter jurisdiction to consider the merits of plaintiffs' motion. First, pursuant to the Rooker-Feldman doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments. See Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues," as long as the federal claims are "inextricably intertwined" with the state court's decision. Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986). In this case, plaintiffs' federal claims directly challenge the actions of the state court, and thus are "inextricably intertwined" with the state court's decision. See id.

Furthermore, under Younger v. Harris, the Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 401 U.S. 37, 40 (1971). Because none of these exceptions to Younger abstention applies in this case, the Court must abstain from granting plaintiffs' motion. See id.

Furthermore, plaintiffs' action is barred by the Eleventh Amendment. The Eleventh Amendment bars federal courts "from deciding virtually any case in which a state or the 'arm of a state' is a defendant . . . unless the state has affirmatively consented to suit." Durning v. Citibank, N.A., 950 F.2d 1419, 1422 (9th Cir. 1991). The Ninth Circuit has held that "[a] suit against the Superior Court is a suit against the State, barred by the eleventh amendment." Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1107 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00791 CAS (AGRx) | Date | September 26, 2008 |
|---|---|---|---|
| Title | Church of the Revelation et al. v. Superior Court of California, County of Los Angeles, South District, et al. | | |

     In addition, Judge DiLoreto is entitled to absolute immunity, because the decisions and actions at issue were undertaken in his official capacity and were within the court's subject matter jurisdiction. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). This immunity reflects the long-standing "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 80 U.S. 335, 347 (1871). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman, 793 F.2d at 1078 (9th Cir. 1986).

     For the foregoing reasons, the Court DENIES plaintiffs' ex parte motion for a temporary restraining order and an order to show cause why a preliminary injunction should not be issued.

     IT IS SO ORDERED

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |